UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARGARET E. SAGER,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. BRAWERS, et al.,<br><br>  Defendants. | Case No. 2:25-cv-00654-CDS-EJY<br><br>**AMENDED<br>ORDER<br>AND<br>REPORT AND RECOMMENDATION**<br>**Superseding ECF No. 7.** |

This Amended Order and Report and Recommendation supersedes the Court's entry at ECF No. 7,

Pending before the Court are Plaintiff's two incomplete application to proceed *in forma pauperis* ("IFP"), ECF Nos. 1 and 9, initiating documents the Court treats as an attempt to file a civil rights complaint, ECF Nos. 1-1 and 1-2, and Motion to Correct, ECF No. 10.

**I.    Plaintiff Failed to File an IFP Application in Compliance with Local Rules**.

Plaintiff, who is involuntarily incarcerated, is seeking to proceed without prepaying filing fees. As such, she must submit three documents under Local Special Rule ("LSR") 1-2. These documents include a complete application to proceed *in forma pauperis* on the Court's form, a financial certificate from the institution certifying the amount of funds currently held in Plaintiff's trust account, and net deposits in Plaintiff's account for the six months before the date of submission of the application. LSR 1-1, 1-2. Plaintiff's IFP applications are on the wrong form and fail to include the additional documentation required under LSR 1-2. However, this failure is not the death knell to Plaintiff proceeding before the Court. Rather, even if the Court presumes Plaintiff can correct her non-compliant IFP applications, the Court finds Plaintiff fails to state a cognizable claim.

**II.    The Screening Standard**

The Court is empowered to dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). To survive dismissal a complaint must "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Whether a complaint is sufficient to state a claim is determined by taking all allegations of material fact as true and construing these facts in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato*, 70 F.3d at 1106.

### III. Plaintiff's Filings Demonstrate her Claims Should be Dismissed with Prejudice

#### A. Plaintiff's Filings Violate Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff's Initiating Documents, styled as Motions to be Heard (ECF Nos. 1-1, 1-2), are 111 pages long. There are no identified causes of action and no prayer for relief. *Id.* Plaintiff's Motion

to Correct is 29 pages long, also fails to identify a single cause of action, and is indecipherable. ECF No. 10. Plaintiff's filings fail to present factual allegations sufficient to state a plausible claim to which any defendant could respond. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests) (citations omitted).

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought … ." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

Plaintiff's filings at ECF Nos. 1-1, 1-2, and 10 meet none of the standards required by Rule 8. That is, a review of these filings demonstrate it is not possible to reasonably decipher what it is Plaintiff seeks as the result of fantastic allegations appearing to pertain to unrelated events. The documents filed at ECF Nos. 1-1, 1-2, and 10 simply do not provide fair notice to Defendants of any claim that may be defended. For this reason alone, Plaintiff's initiating documents and Motion to Correct should be denied.

    B.  <u>Plaintiff Names County Public Defenders and a Judge as Potential Defendants</u>.

To the extent Plaintiff seeks to sue county public defenders Arlene Heshmeti and Aaron Nancy (ECF No. 1 at 4), as well as Michael Stricland [sic] and Brigid Hoffman (ECF No. 1-1 at 7), these public defenders cannot be sued in a 42 U.S.C. § 1983 suit. *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *West v. Atkins*, 487 U.S. 42 (1988) (when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of

Section 1983 because he/she is not acting on behalf of the state, but as the state's adversary). Thus, all four of these Defendants must be dismissed with prejudice.

To the extent Plaintiff seeks to sue Judge Christy Craig, her claims fail as Judge Craig is immune from suit. The Ninth Circuit is clear that "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). In fact, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quoting *Bradley*, 80 U.S. 335 (13 Wall.) at 347 (1872)). The Court finds Judge Craig is properly dismissed from Plaintiff's action with prejudice.

C.   To the Extent Plaintiff Seeks to Challenge her Incarceration, her Claim is Barred.

To the extent Plaintiff complains she is being unfairly incarcerated at Stein Forensic Hospital (*see* ECF No. 1-1 at 1), her claims fail under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In *Heck*, the Supreme Court analyzed which types of claims can be brought under 42 U.S.C. § 1983. The Supreme Court held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of her confinement and seeks release. *Id*. (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). A prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. "It would wholly frustrate explicit congressional intent" to allow plaintiffs to evade the exhaustion requirement of an application for a writ of habeas corpus by labeling their request as a § 1983 claim. *Preiser*, 411 U.S. at 489-490. Federal courts must work to prevent prisoners from relying on § 1983 to subvert the different procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

D.   Portions of Plaintiff's Claims are Delusional.

Plaintiff's filings are long streams of unrelated propositions resulting in irrational and indecipherable sets of allegations that cannot support any claim for relief. That is, setting aside Plaintiff's failure to plead a single identifiable claim under Rule 8 of the Federal Rules of Civil

Procedure, naming public defenders who are not subject to suit under § 1983, naming a judge who is immune from suit, and the *Heck v. Humphrey* bar to any effort by Plaintiff to attack her incarceration, Plaintiff's claims are delusional and, therefore, cannot proceed. Stated very succinctly, Plaintiff's filings include a number of coloring book styled pictures (ECF No. 1-1 at 10, 12 14, 16, 18, 20, 22, 24), together with references to unconnected strings of thought regarding her arson charge, a paternity suit, President Obama, a job at Clark County School District, her son, and various state court judges (to identify a few of the things alleged). *Id*. at 15-19. Plaintiff's Motion to be Heard is a document shorter than, but otherwise repetitious of ECF No. 1-1. *See* ECF No. 1-2. Plaintiff's Motion to Correct is 29 pages of unrelated recitations with a scattering of documents that fail to identify a single decipherable claim. ECF No. 10 at 4-36. After reviewing each and all of these documents, the Court finds Plaintiff's allegations so disparate and chaotic that amendment cannot cure their deficiency.

### IV. Order

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Applications to Proceed *in forma pauperis* (ECF Nos. 1, 9) are DENIED without prejudice.

IT IS FURTHER ORDERED that the Order and Report and Recommendation at ECF No. 7 is superseded by the above such that it is effectively rescinded by the Court.

### V. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's initiating documents, which the Court treats as a combination of ECF Nos. 1-1 and 1-2, and Motion to Correct (ECF No. 10) should be dismissed with prejudice as failing to comply with Rule 8 of the Federal Rules of Civil Procedure, suing Defendants Arlene Heshmeti, Aaron Nancy, Michael Stricland, and Brigid Hoffman who cannot be sued as defendants in a 42 U.S.C. § 1983 suit, suing an immune defendant (Judge Craig), barred by *Heck v. Humphrey*, and is otherwise delusional.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Appeal (ECF No. 1-3) be denied as indecipherable and a fugitive document.

Dated this 8th day of May, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).