UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Margaret E. Sager II, | Case No. 2:25-cv-00654-CDS-EJY |
| Plaintiff | **Order Adopting Magistrate Judge's Amended Report and Recommendation and Denying as Moot Plaintiff's Motion to Correct and Motion for Writ** |
| v. | |
| Dr. Brawers, et al., | |
| Defendants | [ECF Nos. 10, 12, 13] |

Plaintiff Margaret Sager brings this civil rights lawsuit against a multitude of defendants involved in her arrest, legal proceedings, and her involuntary hospitalization.[1] Compl., ECF Nos. 1-1, 1-2. Because Sager is proceeding *in forma pauperis*, United States Magistrate Judge Elayna Youchah screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). Order and R&R, ECF No. 12. Judge Youchah found that "setting aside Plaintiff's failure to plead a single identifiable claim under Rule 8 of the Federal Rules of Civil Procedure, naming public defenders who are not subject to suit under § 1983, naming a judge who is immune from suit, and the *Heck v. Humphrey* bar to any effort by Plaintiff to attack her incarceration, Plaintiff's claims are delusional and, therefore, cannot proceed." *Id.* at 4–5. Additionally, Judge Youchah determined Sager's "allegations so disparate and chaotic that amendment cannot cure their deficiency." *Id.* at 5. Therefore, Judge Youchah recommends that this matter be dismissed with prejudice because it fails to comply with Rule 8 and is otherwise delusional. *Id.* She further recommends that I deny Sager's motion to appeal (ECF No. 1-3) as indecipherable and as a fugitive document. *Id.* at 6.

Sager had until May 22, 2025, to file any specific, written objections to the magistrate judge's R&R. *Id.* (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28

---

[1] Andy Villagomez, Arlene Heshmati, Brigid Hoffman, Clark County Detention Center, Dr. Bennett, Dr. Brawers, Dr. Damas, Judge Christy Craig, Mr. Buchanan, Ms. Casillass, Ms. Farah, Mr. Shafer, Officer J. Parker, Officer S. Alvarado, Rawson Neal Hospital, Regional Justice Center, Seth Strickland, and Stein Forensic Hospital.

U.S.C. § 636(b)(1)(C) (same). Prior to the deadline, Sager filed a motion for writ (ECF No. 13 at 1–8) which includes a "complaint to burglary" (*id.* at 10–31). I do not construe this as an objection and the time to object has passed. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless conduct one here. I find that the magistrate judge properly identifies that county public defenders, such as those appearing in a traditional lawyer role on Sager's behalf, cannot be sued in a 42 U.S.C. § 1983 suit. ECF No. 12 at 3 (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). Further, the magistrate judge correctly concludes that state court judges are absolutely immune from suit. ECF No. 12 at 4 (citing *Schucker v. Rockwood*, 846 F.2d 1202 (9th Cir. 1988)). Judges have long been accorded absolute immunity from suit under § 1983 for acts done by them in the exercise of their judicial functions. *Miller v. Davis*, 521 F.3d 1142, 1144 (9th Cir. 2008). Thus, as a matter of law, Sager cannot prevail in a suit against the four public defenders or Judge Craig so the claims must be dismissed.

I also concur that Sager's claims challenging her incarceration at Stein Forensic Hospital are not cognizable under § 1983 because they relate to the validity of her state court conviction. Indeed, a judgment in Sager's favor would imply the invalidity of her conviction or sentence and she cannot demonstrate that her sentence has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994). As for the remaining defendants, the eighty-eight-page complaint is so mired in extraneous facts, various related and unrelated issues, and stream of consciousness that it fails to comply with Rule 8. Although pro se litigants should be given leave to amend unless it is absolutely clear that the defective complaint cannot be cured by amendment, *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995), here, amendment would be futile.

Because Sager does not object to the R&R and because it was not clearly erroneous or contrary to law, I accept the R&R in its entirety and dismiss the complaint with prejudice. I also deny Sager's motion to appeal, motion to correct, and motion for writ.

### Conclusion

IT IS HEREBY ORDERED that the magistrate judge's amended report and recommendation **[ECF No. 12] is accepted and adopted in full**, and this case is **dismissed with prejudice**.

IT IS FURTHER ORDERED that plaintiff's motion to appeal **[ECF No. 1-3]**, motion to correct **[ECF No. 10]**, and motion for writ **[ECF No. 13] are denied**.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case. No other documents may be filed in this now-closed case.

Dated: June 27, 2025

_____
Cristina D. Silva
United States District Judge

3